[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 99-11540
Non-Argument Calendar

_____

D. C. Docket No. 98-06229-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____
**(January 5, 2000)**

Before EDMONDSON, COX and HULL, Circuit Judges.

PER CURIAM:

Kenneth Jackson appeals his sentence for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Jackson argues that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1 because one of the prior convictions relied upon by the district court in determining Jackson's career offender status was not a "crime of violence" under the definition provided by U.S.S.G. § 4B1.2(a). Our de novo review of the district court's legal interpretation of the Sentencing Guidelines reveals no reversible error. *See United States v. Webb*, 139 F.3d 1390, 1392 (11th Cir. 1998).

At sentencing, Jackson objected to the inclusion of Jackson's prior conviction for possession of a fire bomb, in violation of Fla. Stat. § 806.111, as a crime of violence under U.S.S.G. § 4B1.2(a). The district court overruled the objection, concluding that because the offense consisted of possession plus the intent that the fire bomb be willfully and unlawfully used to damage a structure or property by fire or explosion, the crime entailed "conduct that presents a serious potential risk of physical injury to another" within the definition of a crime of violence. U.S.S.G. § 4B1.2(a)(2).

On appeal, Jackson argues that the offense is not a crime of violence because it did not involve any threat to another person and because it is improper to assume that any structure or property intended to be damaged under the statute would be in

2

proximity to anyone so as to endanger another person. The Government responds that an analysis of the statute's elements supports the district court's conclusion and that Jackson's conviction for possession of a fire bomb is analogous to other offenses considered to be crimes of violence.

The Government has the better argument. A person who intends to damage a structure or property by fire or explosion clearly participates in conduct that presents a serious potential risk of physical injury to others. Even assuming that the structure or property which is the target of a fire bomb is unoccupied, the fire or explosion creates a danger to others. At a minimum, the fire fighters who are called to put out a fire or deal with the aftermath of an explosion face a serious risk of physical injury. In addition, bystanders could be injured, and the fire could spread to occupied structures, endangering the persons in those structures. Furthermore, U.S.S.G. § 4B1.2(a) specifically lists arson as a crime of violence. Jackson's contested offense appears to be nothing more than a subcategory of arson that presents at least the same potential risk of physical injury to another person as arson.

We conclude that the possession of a fire bomb with the intent to use it to willfully damage any structure or property by fire or explosion, as defined by Fla. Stat. § 806.111, is inherently conduct that presents a serious potential risk of physical injury to another person. Accordingly, the district court properly concluded that

3

Jackson's conviction for possession of a fire bomb under Fla. Stat. § 806.111 was a crime of violence for career-offender purposes.

AFFIRMED.